**In re Sagett**

Disciplinary Board Docket no. 38 D.B. 1989.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

WRIGHT JR., *Member,* August 23, 2006—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On July 15, 2005, Samuel H. Sagett filed a petition for reinstatement to the bar of the Supreme Court of Pennsylvania. Petitioner was disbarred on consent by order of the Supreme Court dated May 26, 1989. This is petitioner's second request for reinstatement. His first petition for reinstatement was denied by order of the Supreme Court dated July 25, 2003.

A reinstatement hearing was held on January 10, 2006, before a District I Hearing Committee comprised of Chair Eugene D. McGurk Jr., Esquire, and Members Benjamin P. Shein, Esquire and Gregory B. Williams, Esquire. Petitioner was represented by Robert W. Costigan, Esquire. At the hearing, and without objection, petitioner submitted 25 exhibits. Thereafter an application to reopen the record and submit eight additional exhibits was filed by petitioner on March 20, 2006. The chair of the committee granted the application. Petitioner and Office of Disciplinary Counsel entered a post-hearing joint stipulation of facts.

The Hearing Committee filed a report on May 30, 2006, and recommended that the petition for reinstatement be granted.

This matter was adjudicated by the Disciplinary Board at the meeting on July 15, 2006.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner is Samuel H. Sagett. He was born in 1942 and was admitted to practice law in Pennsylvania in 1966. He was admitted to practice law in New Jersey in 1985. His current address is 42 William Feather Drive, Voorhees NJ 08043.

(2) Petitioner was disbarred on consent by order of the Supreme Court of Pennsylvania on May 26, 1989. He was also disbarred by the State of New Jersey and remains disbarred in that jurisdiction.

(3) Following his disbarment, on June 10, 1991, petitioner entered a plea of guilty to charges of theft by failure to make required disposition of property and theft by deception in the Superior Court of Burlington County, New Jersey.

(4) Petitioner was sentenced to a period of probation of five years, the specific condition of probation being that he make full restitution. Petitioner completed his probation in 1996.

(5) The underlying facts leading to petitioner's conviction involved his misappropriation of client funds to finance a scheme whereby petitioner sent money to a foreign businessman. Petitioner misappropriated funds from a number of clients over a period of time.

(6) Petitioner did not know how many clients were victimized, but it was estimated to be more than five or six and may have been 12.

(7) Petitioner estimated the dollar value of the theft at over $100,000.

(8) Petitioner previously filed a petition for reinstatement to the bar of Pennsylvania in June 2001.

(9) The petition was denied as petitioner was unable to establish how many clients were victimized, the identity of those clients, and the amount of money misappropriated. At that time petitioner was unable to prove with sufficient evidence that full restitution had been made.

(10) In December 1988, William J. Kearns Jr., Esquire, was appointed by the Superior Court of New Jersey as the receiver of the estate of Samuel Sagett.

(11) Mr. Kearns notified Mr. Sagett's clients that he was not able to practice law and that they had a right to file a claim under the New Jersey Lawyers' Fund for Client Protection.

(12) In his capacity as custodial receiver, Mr. Kearns distributed fiduciary funds to clients and third parties entitled to receive those funds.

(13) Mr. Kearns advertised to determine if there were any other claims against petitioner.

(14) Mr. Kearns concluded his duties as custodial receiver and no longer has any files related to petitioner's law practice.

(15) Robert Aaron Greenberg, Esquire, represented petitioner in the criminal matter in New Jersey and in the disciplinary proceedings before the New Jersey Office of Attorney Ethics.

(16) Mr. Greenberg no longer has any files relating to petitioner.

(17) According to Mr. Greenberg, an important element of probation was making restitution to the victims of petitioner's crime.

(18) The New Jersey Lawyers' Fund for Client Protection processed a number of claims arising from petitioner's illegal activities.

(19) In December 2005, the fund acknowledged satisfaction of its claims against petitioner.

(20) In February 2006 the fund provided a warrant to satisfy the judgment obtained against petitioner and acknowledged his diligence in repaying his debt to the fund.

(21) Since January 2000, petitioner has performed paralegal work for the Law Offices of Stack and Stack and such work has been appropriate and acceptable.

(22) Petitioner conducts research, complaint and answer preparation, preparation and answering of interrogatories and preparation of all aspects of pretrial and trial materials.

(23) Michael Stack, Esquire, and Jerome Zaleski, Esquire, testified on behalf of petitioner that they worked closely with him on legal matters and that he is capable and dependable and possesses the necessary legal skills for practicing law in Pennsylvania.

(24) Dr. Harvey Karpo is a long-time acquaintance of petitioner and testified that he would trust petitioner with his affairs.

(25) Robert Heisman is petitioner's brother-in-law and has known him for 43 years. He described petitioner as being very remorseful for his misconduct and sincere in his efforts to rectify his mistakes.

(26) Petitioner has expressed remorse for his misconduct and has a new appreciation for the practice of law.

(27) Petitioner has sought psychiatric care for depression associated with pathological gambling. There is no evidence of petitioner engaging in gambling any time after the period of his crimes.

(28) Petitioner fulfilled his Continuing Legal Education credits for reinstatement.

(29) If reinstated, petitioner intends to conduct a general practice of law in Philadelphia.

## III. CONCLUSIONS OF LAW

(1) The misconduct for which petitioner was disbarred is not so egregious as to preclude immediate consideration of his petition for reinstatement.

(2) Petitioner has demonstrated by clear and convincing evidence that he possesses the moral qualifications, competency and learning in the law necessary to practice law in the Commonwealth of Pennsylvania.

(3) Petitioner has demonstrated that his resumption of the practice of law within the Commonwealth will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest.

## IV. DISCUSSION

Petitioner's request for reinstatement to the bar following disbarment is initially governed by the standard set forth by the Supreme Court of Pennsylvania in *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). The *Keller* opinion articulates a threshold question which must be addressed before the requirements of Pa.R.D.E. 218(c)(3)(i) governing reinstatement

are considered. This threshold inquiry is whether the magnitude of the breach of trust would permit the resumption of practice without a detrimental effect on the integrity and standing of the bar or the administration of justice, nor be subversive of the public interest. *Keller* thus requires a determination that the original misconduct is not so offensive as to preclude reinstatement.

Petitioner was disbarred on consent after he misappropriated client funds as a result of his involvement in a scheme to send money to a foreign businessman. Petitioner was criminally convicted of theft by failure to make required disposition of property received and theft by deception. The board concludes that petitioner's misconduct, while extremely serious, is not so offensive as to preclude reinstatement. The case law supports this conclusion. *In the Matter of Greenberg,* 561 Pa. 154, 749 A.2d 434 (2000); *In re Matter of Verlin,* 557 Pa. 47, 731 A.2d 600 (1999).

The board must next determine whether petitioner met his burden of proving by clear and convincing evidence that he has the moral qualifications, competency and learning in the law required for admission to practice law in Pennsylvania, and that his resumption of the practice of law will not have a detrimental impact on the integrity and standing of the bar, the administration of justice, or the public interest. Pa.R.D.E. 218(c)(3)(i). In considering petitioner's first petition for reinstatement, the board found that petitioner did not meet his burden of proof pursuant to Rule 218, as he was unable to demonstrate that he made restitution to the victims of his misconduct. Thus the issue squarely before the board in the instant petition for reinstatement is whether petitioner made efforts to make his clients whole.

The record shows that a custodial receiver, William Kearns Jr., Esquire, was appointed by the New Jersey Court to take possession of petitioner's assets and to notify any possible victims of their right to make a claim against the New Jersey Lawyers' Fund for Client Protection. Advertisement was undertaken to locate as many victims as possible. The New Jersey Fund made all claimants 100 percent whole but for one client, whose claim exceeded the Fund individual claim limit. This particular client's claim was later satisfied. The New Jersey Fund provided petitioner with a satisfaction of his obligations to repay. The fund further noted petitioner's "diligence" in repaying his obligations to the fund.

Robert Aaron Greenberg, Esquire, represented petitioner in his criminal and disciplinary proceedings in New Jersey. He concluded all of his activities on behalf of petitioner. He noted that an important element of petitioner's criminal probation in New Jersey was restitution. The record reflects that the New Jersey Superior Court, Division of Probation, ended petitioner's probation and extinguished all terms related thereto. While no direct evidence is available that would allow petitioner to prove conclusively that he made all of his clients whole, the available circumstantial evidence establishes that clients received the restitution that was due and owing to them. Finally, the board notes that Office of Disciplinary Counsel does not oppose the petition for reinstatement.

In addition to providing clear and convincing evidence of restitution, petitioner presented satisfactory evidence that he is morally qualified, competent and learned in the law as required for readmission to the bar. Petitioner has worked for the law firm of Stack and Stack since 2000. He engages in all forms of paralegal activities and his

work product is accomplished to the satisfaction of his employers. Two of petitioner's employers testified at the reinstatement hearing to petitioner's exemplary work ethic. Petitioner fulfilled his requirements for Continuing Legal Education, and has accumulated over 133 hours of training in the last five years. Over 30 of those hours have been in ethics.

Petitioner credibly expressed his remorse for his prior misconduct and his appreciation for the opportunity to practice law again. He believes he has overcome the problems which led to his prior indiscretions.

The evidence of record is supportive of the conclusion that petitioner is morally qualified, competent and learned in the law, and that he will not be a detriment to the integrity and standing of the bar or the administration of justice.

The board recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, Samuel H. Sagett, be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Member Newman did not participate in the adjudication.

## ORDER

And now, October 13, 2006, upon consideration of the report and recommendations of the Disciplinary Board

dated August 23, 2006, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.